IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD TITTERTON and, | : | CIVIL ACTION |
| CHRISTOPHER KELLY, | : | |
|     *Plaintiffs*, | : | |
| v. | : | |
| | : | |
| JENKINTOWN BOROUGH, | : | |
| JENKINTOWN POLICE DEPARTMENT | : | |
| POLICE COMMISSIONER CHIEF | : | |
| ALBERT DIVALENTINO, individually | : | |
| and POLICE LIUTENANT | : | |
| RICHARD TUCKER, individually, | : | |
|     *Defendants*. | : | NO. 20-5869 |

**MEMORANDUM**

**Kenney, J.**                                                                                           **September 22, 2021**

Plaintiffs Edward Titterton and Christopher Kelly, police officers with the Jenkintown Police Department, brought this action against the Borough of Jenkintown and two officers employed by the Borough, Albert DiValentino, the Borough's Police Chief, and Lieutenant Richard Tucker. We dismissed Plaintiffs' Amended Complaint, which asserted First Amendment retaliation, due process, corresponding *Monell* claims, a Pennsylvania Whistleblower Law claim, and a host of Pennsylvania tort claims, without prejudice on July 7, 2021. Defendants now move to dismiss this action with prejudice under Federal Rule of Civil Procedure 41(b), arguing Plaintiffs failed to prosecute their claims.

**I.   BACKGROUND**

We set forth in detail the factual background in our opinion granting Defendants' Motion to Dismiss, *see* ECF No. 22, and recite only the procedural history here.

Although still employed by the Jenkintown Police Department ("the Department"), Plaintiffs filed a complaint against Defendants on November 19, 2020, complaining of the

1

Department's "continuous practice of discrimination." ECF No. 1 ¶ 185. The docket remained inactive until March 3, 2021, when we informed Plaintiffs' counsel by notice that the ninety-day period to serve Defendants had elapsed on February 17, 2021. *See* ECF No. 4. We cautioned Plaintiffs that if they failed to serve Defendants by April 2, 2021, the action would be dismissed without prejudice for lack of prosecution. *Id.* The parties then filed, and we approved, a stipulation permitting Plaintiffs to file an amended complaint and extending Defendants' time to respond. *See* ECF No. 6.

On March 9, 2021, Plaintiffs filed a nine-count Amended Complaint consisting of two hundred and ninety-six disorganized paragraphs. *See* ECF No. 7. On April 15, 2021, Defendants moved to dismiss the Amended Complaint in its entirety. *See* ECF No. 8. Plaintiffs failed to file a timely responsive pleading. Several days after the deadline to file a responsive pleading had passed, Plaintiffs requested a retroactive extension that cited extenuating circumstances which impaired Plaintiffs' counsel's ability to litigate the case. *See* ECF No. 18. By notice, we granted Plaintiffs' request and required Plaintiffs to file a response by 12 P.M. on May 26, 2021. *See* ECF No. 9. The notice emphasized our concern that this litigation had barely progressed since its initiation. *See id.*

On May 26, 2021, 12 P.M. came and went without a response from Plaintiffs. Shortly after noon, Defendants filed a reply noting Plaintiffs' dilatoriness and asking that we disregard Plaintiffs' late response. *See* ECF No. 15. Plaintiffs quickly filed a response, explaining they believed the deadline was 12 A.M. *See* ECF No. 18. Again, we permitted Plaintiffs to proceed. Having already missed three deadlines, Plaintiffs' counsel next failed to appear in person for a June 17, 2021 pretrial conference as directed by the Order setting the conference. *See* ECF No. 14. We permitted Plaintiffs' counsel to join the pretrial conference by phone. *See* ECF No. 21.

2

Finally, on July 7, 2021, we dismissed Plaintiffs' Amended Complaint without prejudice, permitting Plaintiffs to file an amended pleading by July 28, 2021. *See* ECF No. 23. After Plaintiffs did not file an amended pleading. Defendants filed this motion to dismiss with prejudice under Rule 41(b) on July 30, 2021.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) permits courts to dismiss a suit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." In determining whether to dismiss an action for failure to prosecute, we balance the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Our Court of Appeals cautions us that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Id.* at 866 (citation omitted). We are to weigh the *Poulis* factors to ensure that "the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Id.* at 870. The *Poulis* factors are neither a "magic formula" nor a "mechanical calculation." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Rather, they assist us in making a decision based on our extended contact with the litigant. *Id.* Not every *Poulis* factor must be satisfied to justify dismissal. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992). "If the case is close, 'doubts should be resolved in favor of reaching a decision on the merits.'" *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citation omitted). We now analyze the *Poulis* factors.

3

### III. DISCUSSION

As to the first factor, the extent of Plaintiffs' personal responsibility, this factor weighs against dismissal because Plaintiffs' counsel appears responsible for Plaintiffs' failure to comply with our orders. The first *Poulis* factor considers the noncompliant party's personal responsibility. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017). "This factor focuses more closely on whether the party himself has failed to comply with the court's orders as opposed to whether counsel for the party is responsible." *Brown v. United States*, No. CV 17-1551, 2019 WL 764429, at *4 (E.D. Pa. Feb. 21, 2019), *aff'd*, 823 F. App'x 97 (3d Cir. 2020), *cert. denied,* 209 L. Ed. 2d 551 (Apr. 19, 2021). We consider "[a plaintiff's] lack of responsibility for their counsel's dilatory conduct" in conducting the balancing of the *Poulis* factors, but "a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis*, 747 F.2d at 868 (citation omitted). Here, the record does not permit the inference that Plaintiffs are personally responsible for their counsel's dilatoriness. In fact, Plaintiffs' counsel has acknowledged the delays were his own responsibility. *See* ECF No. 18. Thus, this factor weighs against dismissal.

As to the second factor, prejudice to Defendants, this factor weighs in favor of dismissal because Defendants have been adversely affected by Plaintiffs' inaction. "Prejudice need not be 'irremediable harm that could not be alleviated by [the] court's reopening discovery and postponing trial.'" *Adams v. Trustees of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 693 (3d Cir. 1988)). Prejudice may be caused by "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens

or costs imposed on the opposing party." *Pedro v. U.S. Equal Emp. Opportunity Comm'n*, No. 21-CV-1462, 2021 WL 2903091, at *3 (E.D. Pa. July 8, 2021) (quoting *Adams*, 29 F.3d at 874).

Defendants note that after eight months, this case remains in the pleadings stage. Plaintiffs have yet to provide their initial disclosures, propound discovery, or provide any documents to Defendants. *See* ECF No. 26-1 at 8. As Plaintiffs' allegations rely on the recollections of witnesses from several years ago, Plaintiffs' failure to turn over their initial disclosures coupled with the "inevitable dimming of witnesses' memories," *Pedro*, 2021 WL 2903091, at *3, hampers Defendants' ability to defend themselves in this action. Defendants further assert that this litigation has imposed excessive costs and harmed operational logistics. *See* ECF No. 26-1 at 8. Defendants offer that "the operational impact of a stalled federal litigation by active Borough police officers against their supervisors cannot be understated." *Id.* at 5. Accepting Defendants' unopposed characterization of the costs and operational impact, we find that Plaintiffs' conduct has prejudiced Defendants; this factor thus weighs in favor of dismissal.

As to the third factor, Plaintiffs' history of dilatoriness, this factor also weighs in favor of dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 224 (3d Cir. 2003) (finding a history of dilatory conduct existed where plaintiffs "failed repeatedly" to provide a damages calculation to defendant); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding that a history of dilatory conduct existed where plaintiff requested multiple stays and failed to comply with deadlines). "However, conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (quoting *Scarborough v. Eubanks,* 747 F.2d 871, 875 (3d Cir. 1984)).

Plaintiffs have repeatedly failed to comply with our orders and to meet deadlines. First, Plaintiffs failed to timely serve Defendants until prompted to do so by the Court. Next, Plaintiffs failed to file a timely responsive pleading. After receiving a retroactive extension by this Court, Plaintiffs again failed to file a timely response. Next, Plaintiffs' counsel failed to appear for an in-person pretrial conference and had to teleconference into the hearing. Finally, Plaintiffs appear to have abandoned this action by declining to file a Second Amended Complaint. Plaintiffs' pattern of tardiness and inaction demonstrates a history of dilatoriness and this factor weighs in favor of dismissal with prejudice.

As to the fourth factor, whether Plaintiffs' conduct was willful or in bad faith, we find that this factor also supports dismissal. Under this factor, we must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams*, 29 F.3d at 875 (quotation and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.* "[M]erely negligent or inadvertent" behavior falls short of "contumacious" conduct. *Briscoe*, 538 F.3d at 262 (citations omitted).

Plaintiffs' conduct suggests they no longer intend to participate in this case. We have no indication that Plaintiffs failed to file another Amended Complaint because they missed our Order dismissing the Amended Complaint without prejudice. "Courts have held where there is no indication that a plaintiff's failure was from excusable neglect, 'the conclusion that [their] failure is willful is inescapable.'" *Lockhart v. PPL Elec. Utilities Corp.*, No. CV 18-3711, 2021 WL 2588964, at *5 (E.D. Pa. June 24, 2021) (citations omitted). Further, Plaintiffs' silence and failure to respond to Defendants' motion to dismiss for lack of prosecution permits the inference that they have willfully abandoned the case. *See Mohler v. Synchrony Bank*, No. 4:17-cv-2260,

2019 WL 2127349, at *4 (M.D. Pa. Apr. 29, 2019). As we conclude Plaintiffs' failures are willful, this factor also weighs in favor of dismissal.

The fifth factor is the effectiveness of sanctions other than dismissal. Given the drastic nature of a dismissal, we must consider the availability of lesser sanctions. *Poulis*, 747 F.2d at 869. Specifically, when an attorney has caused the delay and noncompliance in a proceeding, "[u]nder the Federal Rules of Civil Procedure and the 1983 amendments, the district court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders or pretrial orders." *Id*. (citations omitted). However, "[w]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action," our Court of Appeals has said it could "[]not envision a sanction that would be appropriate." *Briscoe*, 538 F.3d at 262; *see also Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., LLC*, No. CIV.A. 07-1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (finding sanctions other than dismissal insufficient where defendant neglected its obligations as a litigant). As we explained, Plaintiffs' decisions against filing an Amended Complaint and against opposing Defendants' motion to dismiss for lack of prosecution leads us to conclude they have abandoned this suit. We are confident that no sanction short of dismissal would be effective and this factor also supports dismissal.

The final *Poulis* factor is the meritoriousness of Plaintiffs' claims. A claim is meritorious when the allegations in the pleading, if established at trial, would support the plaintiff's recovery. *Poulis,* 747 F.2d at 869–70. We previously dismissed without prejudice Plaintiffs' Amended Complaint as failing to state a single plausible claim to relief. *See* ECF No. 22. Plaintiffs declined to file a Second Amended Complaint, and so, the deficiencies we identified in our opinion

7

dismissing the Amended Complaint still affect Plaintiffs' pleading. As none of Plaintiffs' allegations would support their recovery if established at trial, this factor also supports dismissal.

## IV.   CONCLUSION

Our consideration of the *Poulis* factors in light of our experience with Plaintiffs' conduct, compels us to find that dismissal with prejudice is appropriate. Plaintiffs' failure to prosecute their case have resulted in significant delay, waste of judicial resources, and prejudice to Defendants. Accordingly, we will dismiss the Amended Complaint with prejudice. An appropriate order follows.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**